IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KALIECE D. BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,<br><br>        Defendant. | Case No. 25-CV-2030-TC-TJJ |

**<u>ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S NOTICES</u>**

Pending before the Court is Defendant's Motion to Strike Plaintiff's Notices of Supplemental Evidence and Supplementation of Rule 26(a)(1) Initial Disclosures (ECF No. 64) ("Motion to Strike"). Defendant requests the Court strike *pro se* Plaintiff's Supplementation of Rule 26(a)(1) Initial Disclosures (ECF No. 56) and three Notices of Supplemental Evidence (ECF Nos. 57–59) and exclude the use of these filings. Plaintiff filed a response (ECF No. 66) and Defendant filed a reply (ECF No. 68). This order memorializes the Court's oral ruling on the motion, as stated on the record at the December 19, 2025 pretrial conference.

After reviewing the briefing and the documents that Defendant seeks to strike, the Court finds Plaintiff's Supplementation of her Rule 26(a)(1) Initial Disclosures (ECF No. 56) and Notices of Supplemental Evidence (ECF Nos. 57–59) were filed in violation of the Court's local rule. Under District of Kansas Local Rule 26.3(a), disclosures required under Fed. R. Civ. P. 26(a)(1), discovery requests, and responses thereto must be served upon the other party, "but not

filed with the clerk."[1] The filing of these notices and attached documents in the public record is especially concerning here because Defendant claims the filings include confidential documents entitled to protections under the Protective Order (ECF No. 24) in this case. The Court therefore grants Defendant's Motion to Strike. Plaintiff's Supplementation of Rule 26(a)(1) Initial Disclosures (ECF No. 56) and Notices of Supplemental Evidence" (ECF Nos. 57–59) are hereby stricken from the record.

The Court's order striking these filings from the public record does not resolve the question of whether the supplemental documents and exhibits in Plaintiff's stricken filings will be or could be admissible at trial. That is a question for the District Judge to decide.

The Court also finds to the extent Plaintiff intended these notices to be a supplementation of her Fed. R. Civ. P. 26(a)(1) initial disclosures, they were untimely. Even presuming the Second Amended Scheduling Order discovery deadline applied,[2] at the latest the supplementation deadline was October 20, 2025. Yet Plaintiff did not file her supplementation until November 7, 2025, well after the deadline.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Notices of Supplemental Evidence and Supplementation of Rule 26(a)(1) Initial Disclosures (ECF No. 64) is granted. The Clerk is directed to strike Plaintiff's Supplementation of Rule 26(a)(1) Initial

---

[1] D. Kan. Rule 26.3(a). Instead, the party serving the disclosures, discovery requests or responses must file a *certificate of service* stating the type of disclosure or discovery or response served, the date and type of service, and the party served. D. Kan. Rule 26.3(b) (emphasis added).

[2] The original and Amended Scheduling Orders set the parties' deadline for supplementation of their initial disclosures as "40 days before the deadline to complete all discovery." ECF Nos. 18 and 46. The Second Amended Scheduling Order (ECF No. 62) extended the discovery deadline to November 28, 2025.

Disclosures (ECF No. 56) and three Notices of Supplemental Evidence (ECF Nos. 57–59) from the record.

    IT IS SO ORDERED.

    Dated December 19, 2025, at Kansas City, Kansas.

_____<br>
Teresa J. James<br>
U. S. Magistrate Judge